UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| VICTOR TAGLE,<br><br>                Plaintiff,<br>v.<br>CORRCTIONS CORPORATION OF AMERICA et al.,<br><br>                Defendants. | Case No. 2:18-cv-01031-GMN-VCF<br><br>ORDER |

## I.    DISCUSSION

Plaintiff is a prisoner proceeding *pro se*. Plaintiff has submitted a document entitled "tort action" and an application to proceed *in forma pauperis*. (ECF Nos. 1, 1-1). However, on at least three (3) occasions, the Court has dismissed civil actions commenced by Plaintiff while in detention as malicious or for failure to state a claim upon which any relief may be granted.[1]

Pursuant to 28 U.S.C. § 1915(g), "if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," he may not proceed *in forma pauperis* and, instead, must pay the full $400.00 filing fee in advance unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

In his "tort action," Plaintiff sues various Nevada Department of Corrections ("NDOC") employees, Core Civic employees, and deputy attorney generals for various actions that appear to take place at both NDOC facilities and at the Saguaro Correctional

---

[1] *See Tagle v. State of Nevada et al*, 2:15-cv-02083-RCJ-GWF (dismissed for failure to state a claim); *Tagle v. State of Nevada et al*, 2:15-cv-02358-MMD-PAL (dismissed for maliciousness and failure to state a claim); and *Tagle v. State of Nevada et al*, 2:16-cv-00852-JAD-VCF (dismissed for maliciousness and failure to state a claim). The Ninth Circuit Court of Appeals has affirmed Plaintiff's three-strikes status. *See Tagle v. Core Civic America et al.*, 2:18-cv-00544-JAD-NJK at ECF No. 31. The Court takes judicial notice of its prior records in the above matters.

1

Center in Eloy, Arizona.[2] (*See generally* ECF No. 1-1). However, after reviewing these allegations, the Court finds that the allegations fail to plausibly allege that Plaintiff is in imminent danger of serious physical injury. *See Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007) (holding that the exception to § 1915(g) applies if the complaint makes a plausible allegation that the prisoner faced imminent danger of serious physical injury at the time of filing). As such, Plaintiff must pre-pay the $400.00 filing fee in full.

The Court further notes that, to the extent that Plaintiff seeks to sue the employees of the Saguaro Correctional Center for actions taking place in Arizona, Plaintiff should sue those individuals in the United States District Court for the District of Arizona.[3]

## II. CONCLUSION

For the foregoing reasons, it is ordered that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is denied.

It is further ordered that this action will be dismissed without prejudice unless Plaintiff pays the $400.00 filing fee in full within thirty (30) days from the date of this order.

It is further ordered that the Clerk of the Court shall send Plaintiff two copies of this order. Plaintiff shall make the necessary arrangements to have one copy of this order attached to the check paying the filing fee.

///

///

///

///

---

[2] Plaintiff is a prisoner in the custody of the NDOC who is being housed at a private prison in Arizona.

[3] Pursuant to 28 U.S.C. § 1391(b), a plaintiff may bring an action in:
(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.
28 U.S.C. § 1391(b)(1)-(3).

It is further ordered that the Clerk of the Court shall retain the "tort action" (ECF No. 1-1) but shall not file the document until the matter of the filing fee is resolved.

DATED THIS __26__ day of December 2018.

_____
Gloria M. Navarro, Chief Judge
United States District Court